**SO ORDERED.**

**SIGNED this 3rd day of November, 2015.**



_____

Designated for on-line use, but not designated for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: LOTTIE RENEA CARROLL, | CASE NO. 12-23295 |
|---|---|
| DEBTOR. | CHAPTER 7 |

## MEMORANDUM OPINION AND ORDER GRANTING JEFFERSON CAPITAL SYSTEM'S MOTION TO VACATE ORDER GRANTING DEBTOR'S MOTION FOR LIEN RELEASE AND WITHDRAWING THE ORDER GRANTING DEBTOR'S MOTION FOR LIEN RELEASE

The matter before the Court is the Motion to Vacate Order Granting Debtor's Motion for Lien Release filed by creditor Jefferson Capital Systems (Jefferson Capital). Jefferson Capital appears by Jill D. Olsen of The Olsen Law Firm, LLC. Debtor Lottie Renea Carroll appears by Hilliard L. Moore. The Court has jurisdiction.[1]

___

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective

**FINDINGS OF FACT.**

The relevant facts are evidenced by the docket filings. Debtor filed for relief under Chapter 13 on December 10, 2012. Her schedules reported ownership of a 2012 Mazda, subject to lien held by Exeter Finance Corp. Debtor's confirmed plan provided for payments through the plan of the amount of the debt owed. On August 20, 2013, Debtor proposed to amend her plan to provide for surrender of the Mazda, and the amendment was allowed. In September 2014, Exeter's claim was transferred to Jefferson Capital. On March 13, 2015, Debtor voluntarily converted her case to Chapter 7.

Meanwhile, Debtor retained possession and use of the Mazda, but made no payments to either Exeter or Jefferson Capital. On March 30, 2015, Jefferson Capital contacted Debtor's counsel to arrange for pickup of the vehicle. On April 13, 2015, Debtor filed her Motion for Lien Release, arguing that it is unreasonable for Jefferson Capital to collect the collateral 19 months after Debtor's plan was amended to provide for surrender of the Mazda. On the same day as Debtor's motion was filed, Debtor gave notice of hearing on the motion on May 15, 2015, if an objection was filed on or before May 4, 2015. Service of the motion and the notice was made electronically on the individual at Jefferson Capital who had signed the notice of assignment of the claim.

---

June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). A proceeding to determine the validity, extent , or priority of liens is a core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(G) and (B). There is no objection to venue or jurisdiction over the parties.

2

No timely objection was filed, and on May 7, 2015, the Court signed the Order Granting Debtor's Motion for Lien Release prepared by Debtor's counsel.[2] On the same day, Jefferson Capital filed Objections to Lien Release, arguing that there is no factual or legal basis for the motion and that Jefferson Capital had not abandoned its interest in the vehicle.

On May 21, 2015, 14 days after the order granting the Motion for Lien Release was entered, Jefferson Capital filed its Motion to Vacate Order Granting Debtor's Motion for Lien Release. The parties have briefed their respective positions.

**DISCUSSION.**

**A. The Parties' Arguments.**

Jefferson Capital argues that Debtor cited no statutory authority for a lien release, that there is nothing in the Bankruptcy Code or Kansas law which requires a creditor to exercise its lien rights in a vehicle within a certain amount of time, and that Debtor's motion is more properly characterized as a proceeding to determine validity, priority or extent of lien, which pursuant to Federal Rule of Bankruptcy Procedure 7001(2), must be brought as an adversary proceeding. Because Debtor filed a Motion for Lien Release rather than an adversary proceeding, Jefferson argues that the order setting aside lien is void and may be set aside under Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure 60(b)(4).

---

[2] Doc. 89.

3

Debtor responds that the lien release was justified under the equitable principle of laches.  In addition, Debtor argues that Jefferson Capital has not shown a basis for relief under Rule 60(b), that failure to timely respond to a motion is not a basis for relief under Rule 60(b), that Jefferson Capital should have raised the argument that an adversary proceeding was required when responding to the motion rather than after the order was entered.

**B. Analysis.**

Bankruptcy Rule 7001 defines those matters which are adversary proceedings and are therefore governed by the Part VII of the Federal Rules of Bankruptcy Procedure. Subsection 2 provides that "a proceeding to determine the validity, priority, or other interest in property, other than a proceeding under Rule 4003(d)" is an adversary proceeding. Debtor's Motion for Lien Release fits squarely within this definition.  The relief Debtor desired should have been sought by adversary proceeding, rather than by filing the Motion for Lien Release.

Adversary proceedings are commenced by the filing of a complaint and the service of a summons, to which a copy of the complaint is attached.[3]  Service upon a corporation, partnership, or other unincorporated association is made "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent,

---

[3] Fed. R. Bankr. P. 7004.

4

or to any another agent authorized by appointment or law to receive service of process."[4]

If the complaint is duly served, the defendant has 30 days in which to serve an answer.[5]

These procedures were not followed. Debtor's Motion to Set Aside Lien was served electronically on Jefferson Capital on April 13, 2015. There was no summons and no mail service. The order granting the motion was filed on May 7, 2015, the same day Jefferson Capital filed its objection, which was less than 30 days after the filing of Debtor's motion. The equivalent of a default judgment was entered against Jefferson Capital before the expiration of the time within which an answer would have been due if an adversary proceeding had been filed.

These deviations from the required procedures were not harmless. "Generally, in order to void a lien, an adversary proceeding in required so that an owner is not deprived of his property without due process of law."[6] Nevertheless, as argued by Debtor, the United States Supreme Court in *Espinosa*[7] has held that the requirement that a bankruptcy court make a finding in an adversary proceeding is a "procedural requirement" and failure to follow that procedure does not render a judgment void under Rule 60(b)(4) when the defendant had actual notice. Jefferson Capital does not ague that it lacked actual notice. The Court therefore declines to grant Jefferson Capital relief under Rule 60(b)(4). The

---

[4] Fed. R. Bankr. P. 7004(b)(3) Further, "if the agent is one authorized by statute to receive service and the statute so requires," a copy of the summons and complaint must also be mailed to the defendant. *Id*.

[5] Fed. R. Bankr. P. 7012.

[6] *Keene v. Charles*, 222 B.R. 511, 513 (D.E.D.Va. 1998).

[7] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

5

Supreme Court identified timely objection to the deprivation or appeal from the judgment as appropriate remedies.

Jefferson Capital filed its objection to the order within 14 days of its entry, making D. Kan. Rule 7.3, the local rule regarding motion to reconsider, applicable. Under that rule, a party may file a motion asking a judge to reconsider a matter. If the motion is filed within 14 days after the order is filed, reconsideration may be based upon: (1) intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. The Court finds that the third ground is present here.

The order granting Debtor's Motion for Lien Release was clear error. There is no section of the Bankruptcy Code or state law providing for such relief. Although Bankruptcy Courts are granted equitable powers under § 105, the section "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity."[8] Further, it would be manifestly unjust not to set the order aside under the circumstances presented. Jefferson Capital was not provided the notice of Debtor's action to release its lien in the manner required by the Bankruptcy Rules. Jefferson Capital objected to the action on the same day the order was entered, which was less than 30 days afer the motion was filed.

---

[8] 2 *Colliers on Bankruptcy* ¶105.01[2] at 105-7 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. 2014) (quoting *U.S. v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986)).

**CONCLUSION.**

For the foregoing reasons, the Court grants Jefferson Capital's Motion to Vacate Order Granting Debtor's Motion for Lien Release. The Order Granting Debtor's Motion for Lien Release[9] is hereby withdrawn.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered granting Jefferson Capital's Motion to Vacate Order Granting Debtor's Motion for Lien Release. The Order Granting Debtor's Motion for Lien Release[10] is hereby withdrawn. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

### 

---

[9] Doc. 89.

[10] Doc. 89.

7

Case 12-23295    Doc# 109    Filed 11/03/15    Page 7 of 7